610 A.2d 1078

**J.R.W., INC., Appellant,**

v.

**MANCHESTER BOROUGH COUNCIL, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1992.

Decided May 29, 1992.

Audrey E. Woloshin, for appellant.

Samuel F. Meishenhelder, for appellee.

Before COLINS and PALLADINO, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

J.R.W., Inc. (JRW) appeals from an order of the York County Court of Common Pleas which granted summary judgement in favor of Manchester Borough Council (the Borough). JRW argues that the Borough did not have a statutorily required fee schedule established by ordinance or resolution when it assessed JRW engineering and legal fees for processing a subdivision application. JRW concludes that the absence of the schedule prevents the Borough from assessing any fee against JRW. Alternatively, JRW argues that the Borough is prohibited from assessing legal fees for the review of subdivision plans under any circumstances. We disagree and affirm.

Our standard of review in summary judgment cases is clear. Summary judgment is only proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b). A grant of summary judgment will be reversed only where there has been an error of law or manifest abuse of discretion. *Kelly v. Curwensville Area High School*, 141 Pa.Commonwealth Ct. 449, 595 A.2d 787 (1991). When reviewing an order granting summary judgment, we are obliged to read the record in the light most favorable to the nonmoving party and resolve all doubt against the movant. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991).

The facts underlying this case are undisputed. JRW submitted preliminary and final subdivision plans to the Borough in 1987, 1988 and 1989 for a development known as Dauberton. JRW was aware at the time the plans were submitted that the Borough's subdivision ordinance provides that any party submitting a plan for approval shall be assessed a review fee for engineering, administrative and legal services necessary to process the proposed plan. The relevant portions of the ordinance provide as follows:

§ 318 *Fees:* At the time of filing a plan, the following fees, or those in effect pursuant to subsequent action of Borough Council, shall be paid by the applicant, to the borough:

A. Filing a Preliminary Plan—$10.00

B. Filing a Final Plan—$10.00, plus $1.00 for each lot or dwelling unit included in the plan.

In addition, the submitted plans shall be accompanied by a check, payable to the Borough, in an amount recommended by the Borough Engineer and the Borough Solicitor to cover the cost of:

1. Reviewing the subdivision plan and engineering details.

2. Inspecting the site for conformance to survey.

3. Preparing cost estimates of required improvements.

4. Inspection of required improvements during installation.

5. Final inspection or completion of installation of required improvements.

6. Administrative and legal services necessary for the processing of the proposed subdivision plan.

(Manchester Borough Subdivision and Land Development Ordinance, Ordinance No. 76–3, Article 300, § 318.6, April 12, 1976.) The Dauberton plan received final approval on January 9, 1989. The Borough invoiced JRW on December 28, 1989, in the amount of $9,884.67 as a review fee for the legal and engineering services associated with processing the plan. The Borough did not have a schedule of review fees adopted by resolution or ordinance at the time it invoiced JRW.

JRW paid the review fee as invoiced and sought declaratory relief in the court of common pleas. JRW's petition alleged that the Borough's failure to comply with Act 170 precluded it from charging any review fee for processing the Dauberton subdivision application. Both parties moved for summary judgment; JRW's motion was denied, the trial court granted the Borough's motion and judgment was entered.

While the Dauberton plan was being reviewed by the Borough, the General Assembly amended the Municipalities Planning Code (MPC) by enacting Act 170, which specifically provides that municipalities may charge review fees for processing such plans:

The subdivision and land development ordinance may include, but need not be limited to:

(1) Provisions for the submittal and processing of plats, including the charging of review fees.... Review fees may include reasonable and necessary charges by the municipality's professional consultants or engineer for review and report thereon to the municipality. Such review fees shall be based upon a schedule established by ordinance or resolution.

Act of December 21, 1988, P.L. 1329, § 32(1), *as amended*, 53 P.S. § 10503(1). Act 170 was effective February 21, 1989. The prior version of Section 10503 of the MPC, although not specifically listing review fees as a permissible feature of a municipality's subdivision and land development ordinance, did not specifically prohibit such review fees. The prior version of the section also employed the "may include, but need not be limited to" language in its introductory phrase. Act of July 31, 1968, P.L. 805, art. V, § 503, *superseded by*, Act of December 21, 1988, P.L. 1329, § 32(1).

■ JRW argues that Act 170 is merely procedural in nature and should retroactively apply to the review fees assessed here because, although all review work was performed and final approval was given before the effective date of Act 170, the review fees were not assessed until after that date. We agree that Act 170 is procedural in nature; we disagree that it applies to the review fees in question here. No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly. 1 Pa.C.S. § 1926.

JRW cites *Stouffer v. Department of Transportation*, 127 Pa.Commonwealth Ct. 610, 562 A.2d 922 (1989), for the proposition that legislation concerning a mode of procedure should be applied as, of course, to litigation existing at the time of its passage. This is a correct statement of the law but it has no application to this case. No *litigation* regarding these review fees existed when Act 170 was enacted on December 21, 1988, nor when it became effective on February 21, 1989.

■ JRW also points to *R & P Services, Inc. v. Department of Revenue,* 116 Pa.Commonwealth Ct. 230, 235, 541 A.2d 432, 434 (1988), wherein we stated: "Where no vested right or contractual obligation is involved, an act or a regulation is not impermissibly construed retroactively when applied to a condition existing on its effective date, even though the condition results from events which occurred prior to that date." JRW concludes that no contract existed between it and the Borough and, therefore, Act 170 can be construed to apply to the review fees in question. We agree that the principle set forth in *R & P Services* applies and that no contract existed; JRW's analysis, however, is not complete. If the Borough had a vested right to these review fees, Act 170 should not be applied retroactively to defeat that right.

■ A vested right is an: "Immediate or fixed right to present or future enjoyment and one that does not depend on an event that is uncertain." BLACK'S LAW DICTIONARY, 5th Ed., p. 1402. Under Section 318.6 of the ordinance cited above, the Borough was entitled to charge review fees for processing the Dauberton plan submitted by JRW. By the effective date of Act 170, all review had been completed. There was no uncertainty regarding the Borough's entitlement to the fees and the occurrence of a future event was not necessary to fix the Borough's right to assess JRW for the costs of reviewing the plan. All that remained was to ascertain the amount of the costs associated with review of the Dauberton plan when the Borough was billed by its professional consultants. Moreover, JRW knew the Borough would assess the review fees when it submitted the plan for approval. As the Borough's right to charge the review fees had vested before the effective date of Act 170, we will not retroactively apply the Act's mandatory fee schedule requirement.[1]

1. We note that the order of the court of common pleas is sustainable on two related alternate grounds. If Act 170 applies to these review fees, JRW was required to comply with Section 510(g) of Act 170 if it disputed any fee assessment. 53 P.S. § 10503(1)(ii). Section 510(g) provides that all fee disputes be resolved by initially submitting the disputed charges for review by another independent engineer. 53 P.S. § 10510(g). JRW cannot claim the benefit of one portion of the Act

Alternatively, JRW argues that the Borough is not entitled to recover its legal fees for processing the Dauberton plan even if Act 170 does not apply. Again we disagree. The cases cited by JRW, *Pennsylvania Board of Probation and Parole v. Baker*, 82 Pa.Commonwealth Ct. 86, 474 A.2d 415 (1984), and *Becker v. Borough of Schuylkill Haven*, 200 Pa.Superior Ct. 305, 189 A.2d 764 (1963), stand for the propositions that attorney's fees are not taxable as costs to a losing party, nor recoverable as an item of damages. The legal fees at issue here, however, are not being taxed as a cost to a losing party nor recovered as a damage item. They are a service charge by the attorney(s) who reviewed the subdivision plan as part of the Borough's normal processing of such applications. A municipality may charge a fee for services rendered in performance of its official functions so long as the amount is based upon the costs to the municipality of performing that service. *Raum v. Tredyffrin Township Board of Supervisors*, 29 Pa.Commonwealth Ct. 9, 370 A.2d 777 (1977). JRW offered no evidence and makes no argument that the review fees at issue here are not based upon the cost to the Borough. Thus, because the cost of legal services was not prohibited by the prior version of Section 10503 of the MPC which governs this case, and as there has been no showing that the fee assessed was not based upon the cost of legal services rendered, the Borough is entitled to assess them as part of the review fee.[2]

Affirmed.

without complying with the Act's dispute resolution mechanism. If Act 170 applies, all provisions of Act 170 apply. JRW's failure to comply with Section 510(g) could be construed as an admission by conduct that Act 170 does not apply here. Alternatively, JRW's failure to comply with Section 510(g) could be construed as a waiver of its refund claim. Either interpretation of JRW's conduct could sustain the grant of summary judgement at issue here.

2. The Borough argues that Act 170 specifically allows for the recovery of legal fees because it provides for inclusion of charges by "the municipality's professional consultants or engineer" 53 P.S. § 10503(1). The Borough argues that, in effect, "or" means "and" in this case, and that attorneys are professional consultants. The Borough then concludes that Act 170 allows recovery of attorney's fees in addition to engineer's fees. Act 170 does not apply to this case; we will not engage

## ORDER

NOW, May 29, 1992, the order of the York County Court of Common Pleas, dated June 28, 1991, at No 90–SU–01865–08, is affirmed.

in dicta discussing whether Act 170 allows a municipality to include legal charges in its review fee.