618 A.2d 1215

Marvin E. SMITH

v.

Larry W. MOGNET, Jr., Penn Eastern Corporation, and Anthony I. Shugart, Nelson P. Shugart, Pennsylvania Department of Transportation and Pennsylvania Turnpike Commission,

Appeal of PENNSYLVANIA TURNPIKE COMMISSION, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 19, 1992.

Decided Dec. 22, 1992.

Margaret M. Murphy, for appellant.

Bradley Davis Miller, for appellees, Mognet and Penn Eastern Corp.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

DOYLE, Judge.

The Pennsylvania Turnpike Commission (Commission) appeals an order of the Court of Common Pleas of Cumberland County which granted Larry W. Mognet's and Penn Eastern Corporation's motion for judgment on the pleadings and dismissed a counterclaim filed by the Commission on the ground that it was untimely.

On June 23, 1988, Mognet struck a cow while driving a tractor trailer, owned by Penn Eastern, on the Pennsylvania Turnpike. The cow was owned by a farmer, Anthony Shugart, and had strayed from Shugart's farm. After striking the cow, Mognet's vehicle crossed the medial barrier and collided with another tractor trailer owned by Marvin Smith. Smith's vehicle was extensively damaged and, further, there was damage to Turnpike property.

On June 12, 1990, Smith filed an action in the Court of Common Pleas of Cumberland County against Mognet, Penn

Eastern, and Shugart. On July 10, 1990, Mognet and Penn Eastern joined Shugart, the Department of Transportation, and the Commission as additional defendants. On November 1, 1990, the Commission filed an answer with new matter to the defendants' complaint; the new matter, *inter alia*, included a counterclaim against Mognet and Penn Eastern seeking compensation for property damage to the Turnpike caused by the accident. Thereafter, Mognet and Penn Eastern filed a motion for judgment on the pleadings [1] seeking to have the Commission's counterclaim dismissed for failure to comply with the two-year statute of limitations in Section 5524(3) of the Judicial Code, 42 Pa.C.S. § 5524(3). The trial court granted the motions and dismissed the Commission's counterclaim on the ground that it was untimely. This appeal followed.

The Commission contends that (1) the trial court erred in applying the statute of limitations in Section 5524(3) of the Code maintaining that that statute is inapplicable to the Commission under the doctrine of *nullum tempus occurrit regi*,[2] and (2) the trial court abused its discretion in failing to extend the time within which the Commission could file its counterclaim.

■ The doctrine of *nullum tempus occurrit regi*, translated from Latin, literally means that "time does not run against the king." [3] Black's Law Dictionary, 4th ed. (1968). Under the doctrine of *nullum tempus*, statutes of limitation do not apply to the Commonwealth unless the words of the statute

---

**1.** We note that Mognet and Penn Eastern filed a single motion for judgment on the pleadings as well as a single complaint against the Commission.

**2.** The common pleas court granted the motions to dismiss the Commission's counterclaim by an order dated October 8, 1991, without addressing the issue of *nullum tempus* although that issue was clearly placed before the court by the Commission. *See* Commission's brief in opposition to defendants' motion for judgment on the pleadings. The trial court rested its decision solely upon *Harmer v. Hulsey*, 321 Pa. Superior Ct. 11, 467 A.2d 867 (1983), a case which did not involve the Commonwealth or a political subdivision, and which opinion did not discuss the *nullum tempus* doctrine.

**3.** The maxim is sometimes expressed *nullum tempus occurrit republicae* ("time does not run against the state").

specifically provide that they do. *Northampton County Area Community College v. Dow Chemical U.S.A.*, 389 Pa. Superior Ct. 11, 566 A.2d 591 (1989), *affirmed,* 528 Pa. 502, 598 A.2d 1288 (1991). In *Department of Transportation v. J.W. Bishop & Co.*, 497 Pa. 58, 64, 439 A.2d 101, 104 (1981), our Supreme Court explained the rationale behind this doctrine as follows:

Whenever the Commonwealth invokes the doctrine of *nullum tempus,* it is seeking as a plaintiff to vindicate public rights and protect public property. Thus, since its adoption in this country, the rationale for the doctrine of *nullum tempus* has been "the great public policy of preserving public rights, revenues and property from injury and loss."

■ The doctrine of *nullum tempus* may be invoked by Commonwealth parties but does not, in the absence of an express provision, extend to municipalities, counties, or other political subdivisions. *Northampton.* In *Northampton,* the Superior Court held that an entity which is classified by the legislature as a Commonwealth party for purposes of sovereign immunity is also a Commonwealth party for purposes of *nullum tempus.* The Superior Court stated:

The legislature has now designated which entities are Commonwealth parties, and ... this is dispositive of whether an entity may assert *any* governmental privileges.

*Id.* at 25, 566 A.2d at 598 (emphasis added). Further, the Superior Court explicitly rejected the argument that an entity could be a Commonwealth party for purposes of sovereign immunity, but not be a Commonwealth party for purposes of *nullum tempus. Id.*

■ In the present case, the sole issue on appeal is whether the Commission is a Commonwealth party which may assert the doctrine of *nullum tempus.* In *Bradley v. Pennsylvania Turnpike Commission,* 121 Pa. Commonwealth Ct. 51, 550 A.2d 261 (1988), *petition for allowance of appeal denied,* 527 Pa. 588, 588 A.2d 511 (1990), we held, after examining the legislative intent expressed in Sections 102 and 8522 of the Judicial Code [4] and Section 102 of the Commonwealth Attor-

4. 42 Pa.C.S. §§ 102 and 8522.

neys Act,[5] that the Commission was a Commonwealth party for purposes of sovereign immunity. Therefore, because the Commission is a Commonwealth party for purposes of sovereign immunity, it may assert the doctrine of *nullum tempus.*[6] *Northampton.* Hence, we conclude that the trial court erred in dismissing the Commonwealth's counterclaim as untimely.[7]

5. Act of October 15, 1980, P.L. 950, 71 P.S. § 732–102.

6. As the briefs of both the Appellant–Commission and the Appellees–Mognet and Penn Eastern make clear, the only dispute between the parties regarding the applicability of the doctrine of *nullum tempus* was over whether the Turnpike Commission is or is not a Commonwealth agency. The Appellees argue that, under *Specter v. Pennsylvania Turnpike Commission,* 462 Pa. 474, 341 A.2d 481 (1975), and *Pennsylvania Turnpike Commission v. Atlantic Richfield Co.,* 482 Pa. 615, 394 A.2d 491 (1978), the Commission is not a Commonwealth party which may assert *nullum tempus.* Both of these cases were decided prior to the General Assembly's reenactment of sovereign immunity after that doctrine had been judicially abrogated. *See Mayle v. Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978); *see also Bradley.* Moreover, the application of these new legislative classifications in the Judicial Code to determine what entities may exercise *nullum tempus,* as articulated in *Northampton,* has been affirmed by our Supreme Court. *Northampton,* 528 Pa. 502, 598 A.2d 1288 (1991).

7. The issues raised by the dissent concerning (a) the applicability of the doctrine of *nullum tempus* by the Commission as an additional defendant and (b) the distinction between governmental and proprietary functions, were never raised by the parties either before the trial court or on appeal. Accordingly, they were waived. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Furthermore, the distinction between the governmental and proprietary functions of government has never been employed as a standard applicable to the Commonwealth as sovereign; it has only ever been applied to local units of government.

Statutes of limitations do not, in the absence of express statutory provisions to the contrary, apply to the sovereign. There is, however, a different rule for local municipalities. Such statutes *do apply* to municipalities and other local government agencies unless there is an express statutory provision to the contrary, or the local government unit is exercising a governmental function. *Northampton; Borough of West Fairview v. Hess,* 130 Pa. Commonwealth Ct. 385, 568 A.2d 709 (1989). The cases relied upon in the dissent all involve units of local government, not the Commonwealth or any of its agencies. Moreover, even the use of the function test has been criticized as "archaic and artificial," *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), and "obsolete," *Northampton.* In the recent opinion of *Guinn v. Alburtis Fire Co.,* 531 Pa. 500, 614 A.2d 218 (1992), in note 4, the Supreme Court opined:

In Ayala v. Philadelphia Board of Education, this Court expressly overruled the judicially created doctrine of governmental immunity

Accordingly, the order of the trial court is reversed and this case is remanded for further proceedings.[8]

### ORDER

NOW, December 22, 1992, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is reversed and the case is remanded for proceedings consistent with opinion.

Jurisdiction relinquished.

SMITH, Judge, dissenting.

I dissent from the Majority's decision that the doctrine of *nullum tempus occurrit regi* applies to the factual circumstances in the matter sub judice. Courts of this Commonwealth have long recognized the doctrine and generally apply it to cases where the Commonwealth is seeking as a "plaintiff" to vindicate public rights and to protect public property—i.e., is acting in a governmental vs. a proprietary function. *See City of Philadelphia v. Holmes Electric Protective Co. of Philadelphia*, 335 Pa. 273, 6 A.2d 884 (1939) (held that the City sued not to compel performance of a duty imposed by law or to assert a governmental power, but merely to enforce a contractual obligation assumed by the defendant to pay annual rental for use of space under municipal streets); *In re Asbestos School Litigation*, 768 F.Supp. 146 (E.D.Pa.1991) (held that although plaintiff school districts' suits were to recover damages for injury to school district property, plaintiffs were not acting in exclusively governmental function but were

and the granting of that immunity based on "the distinction between tortious conduct arising out of [the] exercise of a governmental function." ... When the legislature enacted [42 Pa.C.S. § 8541] it chose not to make the granting of governmental immunity dependent on the proprietary/governmental distinction and we decline to do so. It is not within the province of this Court to second guess the legislature and to add words to a statute where the legislature has failed to supply them. Kusza v. Maximonis, 363 Pa. 479, 70 A.2d 329 (1950).

8. Because we have held that the Commission may assert *nullum tempus*, we need not decide if the trial court abused its discretion by refusing to extend the time for filing the Commission's counterclaim.

instead seeking recovery for alleged tortious acts just as any private litigant with standing could do, thus defeating the doctrine of *nullum tempus,* citing among other cases, *Borough of West Fairview v. Hess,* 130 Pa. Commonwealth Ct. 385, 568 A.2d 709 (1989)). See discussion in dissenting opinion in *Northampton County Area Community College v. Dow Chemical, U.S.A.,* 528 Pa. 502, 598 A.2d 1288 (1991) (per curiam) (Papadakos, J.).

The record here demonstrates that the Commission is not acting in its governmental function as a plaintiff to vindicate a strictly public right or one imposed by law, or to assert a governmental power. Rather, the Commission has counterclaimed Mognet and Penn Eastern as alleged tortious actors to recover $6,995.45 in property damage to turnpike property. Hence, the Commission's claim is not distinguishable from that which any private litigant having standing could assert against the alleged actors, and since the Commission had a full two years to file its claim against Mognet and Penn Eastern, the counterclaim filed five months after the applicable two-year statute of limitations is time-barred. *See also Harmer v. Hulsey,* 321 Pa. Superior Ct. 11, 467 A.2d 867 (1983), relied upon by the trial court.

Moreover, the Supreme Court has explicitly stated that despite their common origins, the doctrines of *nullum tempus* and sovereign immunity have been consistently recognized as distinct, *Department of Transportation v. J.W. Bishop & Co.,* 497 Pa. 58, 64, 439 A.2d 101, 104 (1981), thus allowing for different considerations in application. No language in *Guinn v. Alburtis Fire Co.,* 531 Pa. 500, 614 A.2d 218 (1992), an immunity case, nor other cases cited by the Majority, rejects the distinctions made by courts between the doctrines of *nullum tempus* and soverign immunity and no authority exists for this Court to rule otherwise.

Another factor overlooked by the Majority is that the *nullum tempus* doctrine is invoked where the Commonwealth "initiates" an action rather than "responds" in new matter to an action filed against the Commonwealth. The Pennsylvania

Rules of Civil Procedure distinguish between "institution" [1] of an action as opposed to the filing of a "counterclaim" and therefore, it is apparent that the Commission has not demonstrated satisfaction of even a threshold burden to show that it has "instituted" as plaintiff an action to enforce strictly public rights or obligations imposed by law. *Holmes Electric.* Indeed, none of the cases relied on by the Majority or otherwise referenced in researching the *nullum tempus* doctrine indicate that it can be applied in any context other than the initiation of an action by the Commonwealth as plaintiff. I would therefore absolutely refrain from applying the *nullum tempus* doctrine to the Commission's counterclaim and would affirm its dismissal by the trial court because it was filed beyond the applicable two-year statute of limitations.

1. A civil action is commenced by the filing of a praecipe for writ of summons or a complaint and a counterclaim is raised by a defendant in answer to an action against the defendant in assumpsit or trespass. Pa. R.C.P. Nos. 1007, 1031.