648 A.2d 1249

**MOSCATIELLO CONSTRUCTION COMPANY, Appellant,**

**v.**

**The PITTSBURGH WATER AND SEWER AUTHORITY,**

**MOSCATIELLO CONSTRUCTION COMPANY, Appellant,**

**v.**

**CITY OF PITTSBURGH,**

**v.**

**MACKIN ENGINEERING COMPANY,**

**MOSCATIELLO CONSTRUCTION COMPANY, Appellant,**

**v.**

**CITY OF PITTSBURGH,**

**v.**

**MACKIN ENGINEERING COMPANY.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1994.

Decided Sept. 20, 1994.

Petition for Allowance of Appeal Denied March 10, 1995.

George M. Medved, for appellant.

J. Russell McGregor, Jr., Asst. City Sol., for appellee, City of Pittsburgh and Pittsburgh Water and Sewer Authority.

Thomas J. Dempsey for amicus curiae Maurice A. Nernberg and in the public interest.

Judge DAN PELLEGRINI did not participate in the decision in this case.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Moscatiello Construction Company (Moscatiello) appeals from the orders of the Court of Common Pleas of Allegheny County (trial court) that granted summary judgment to the City of Pittsburgh (City), the Pittsburgh Water and Sewer Authority (Authority) and Mackin Engineering Company (Mackin) (collectively, Defendants). We reverse and remand this matter for trial.

## FACTS

On May 2, 1988, the City and Moscatiello entered into the Glenbury Contract—Phase II (Contract). A dispute arose as to the method of calculating payment for the construction of pre-cast and cast-in-place concrete lagging. On September 24, 1990, Moscatiello filed a complaint against the City, alleging that the City was obligated to pay for the total surface area of concrete lagging installed. (5a.)[1] On October 10, 1990, the City filed its answer, new matter and counterclaim, contending that the Contract calls for payment per square foot of the front surface alone and that "[t]he claim of Moscatiello is

1. Reproduced Record.

barred, limited or otherwise circumscribed by the terms of the Phase II Contract documents. (25a.)[2]

Following extensive discovery, on January 27, 1992, the City and Mackin filed motions for summary judgment, relying on several portions of the Contract. (309a–345a; 354a–359a.) The motions did not raise the issue of an alternative non-judicial resolution of the dispute. On April 29, 1992, the trial court denied these motions for summary judgment.

Following the selection of a jury, the City filed a second motion for summary judgment, raising for the first time the Contract's Settlement of Disputes clause calling for alternate non-judicial resolution of the dispute. (585a–590a.) The provision states:

> 3.63 *SETTLEMENT OF DISPUTES.* In the event of any disagreement, controversy or dispute between Contractor and Director as to the interpretation of the Specifications or interpretation of the proper execution of this contract or as to the Settlement thereunder or in the event of any disagreement as to any question or matter whatsoever which may arise or be in dispute under this contract or said Specification or of the terms or conditions thereof, such disagreements, controversy or dispute shall be immediately inquired into and decided by Director whose decision shall be final and conclusive as to all matters in controversy, without exception or appeal, and all rights or rights of action at law in equity or otherwise under and by virtue of this contract are expressly waived.

(587a.) On the same day, over Moscatiello's objection, the trial court considered and granted the motion. (765a.)

Moscatiello appealed, arguing that it was denied procedural due process by the trial court's granting the motion for summary judgment without allowing adequate time to respond. We agreed with Moscatiello's argument, reversed the grant of summary judgment and remanded based on the Supreme Court's recent decision in *Cagnoli v. Bonnell,* 531

---

**2.** The City joined Mackin demanding damages for the negligent drafting of the Contract and sought indemnification for any damages Moscatiello was due.

Pa. 199, 611 A.2d 1194 (1992). *Moscatiello Construction Co. v. City of Pittsburgh,* 155 Pa.Commonwealth Ct. 361, 625 A.2d 155 (1993).

Upon remand to the trial court, Moscatiello was given an opportunity to respond to the City's motion for summary judgment. The Authority and Mackin also filed motions for summary judgment based upon the Settlement of Disputes clause. After considering Moscatiello's arguments, the trial court granted the Defendants' motions for summary judgment. Moscatiello again appeals to this Court.[3]

Before this Court Moscatiello contends that the trial court erred in entering summary judgment in favor of the City because (1) the Settlement of Disputes clause is unconscionable and violates public policy; (2) there are several issues of fact which are material to the Settlement of Disputes clause; and (3) the City and Authority waived the Settlement of Disputes provision as a matter of law.

We need only address Moscatiello's contention that the City and the Authority, by their conduct, accepted judicial resolution of this controversy and thus waived the Settlement of Disputes provision as a means of resolving this dispute. In support of its position Moscatiello relies on *Samuel J. Marranca General Contracting v. Amerimar,* 416 Pa. Superior Ct. 45, 610 A.2d 499 (1992) wherein the Superior Court held that a defendant is precluded on the ground of waiver from pursuing arbitration once it has taken the first steps in accepting the judicial process. In *Marranca* the Court noted:

Waiver is a voluntary and intentional abandonment or relinquishment of a known right. *Zitelli v. Dermatology*

---

**3.** Our standard of review in summary judgment cases is based upon Pa.R.C.P. No. 1035(b). Summary judgment is only proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. A grant of summary judgment will be reversed only where there has been an error of law or a manifest abuse of discretion. When reviewing an order granting summary judgment, we are obliged to read the record in the light most favorable to the nonmoving party and resolve all doubt against the movant. *J.R.W., Inc. v. Manchester Borough Council,* 148 Pa.Commonwealth Ct. 238, 610 A.2d 1078 (1992).

*Education & Research Foundation,* 409 Pa. Superior Ct. 219, 240, 597 A.2d 1173, 1184 (1991). See also 28 Am.Jur.2d, Estoppel and Waiver § 30. Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary. See 17A Am.Jur.2d, Contracts § 656. Here, Amerimar's conduct amounts to waiver. Amerimar chose not to file a petition to compel arbitration. Amerimar also elected not to assert arbitration as an affirmative defense either in preliminary objections or in new matter. Instead, Amerimar waited until it had received an adverse ruling on pretrial motions before invoking and seeking to enforce the arbitration provision of the contract. Further, Amerimar initiated other proceedings in different jurisdictions regarding matters related to the contract. This conduct is inconsistent with Amerimar's present contention that the arbitration provision is mandatory and not elective.

. . . .

Amerimar had every opportunity to raise and pursue the issue of arbitration but failed to do so. Amerimar cannot avail itself of the judicial process and then pursue an alternate route when it receives an adverse judgment. To allow litigants to pursue that course and thereby avoid the waiver doctrine and our rules of court is to advocate judicial inefficiency; this we are unwilling to do.

*Id.* 416 Pa.Super. at 49–51, 610 A.2d at 501.

We believe that the rationale in *Marranca* is equally applicable in the present case. Like the defendant Amerimar in *Marranca,* the City and Authority in the present matter have availed themselves of the judicial process as indicated by the following: (1) the City never specifically raised the Settlement of Disputes clause in its answer, new matter or counterclaim; (2) the City responded to Moscatiello's complaint by filing a counterclaim and requesting a jury trial; (3) the City engaged in extensive discovery, including interrogatories, requests for production of documents and depositions; (4) the City joined

its engineering consultant as an additional defendant; (5) the City filed its initial motion for summary judgment based on various sections of the contract and it failed to raise the Settlement of Disputes clause in that motion; (6) the City retained an expert witness to rebut testimony on behalf of Moscatiello; and (7) the City participated in jury selection.

Only until after its initial motion for summary judgment was denied did the City raise in a subsequent motion for summary judgment the Settlement of Disputes clause as a means of alternative dispute resolution. In view of the foregoing we believe that the City and Authority, by virtue of their conduct, have waived any issues regarding the applicability and/or enforceability of the Settlement of Disputes clause to Moscatiello's claim.[4]

The order of the trial court is reversed and this case is remanded for trial on the merits.

## ORDER

AND NOW, this 20th day of September, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

PELLEGRINI, J., did not participate in the decision in this case.

NARICK, Senior Judge, dissenting.

I must respectfully dissent. I do not agree with the Court's majority opinion which reverses and remands to the trial court based only on Moscatiello's argument that the Defendants waived the right to raise the Settlement of Disputes clause because Defendants accepted the judicial process.

4. Having determined that the trial court erred in granting summary judgment on the ground that the City and Authority have waived any defense based upon the applicability of the Settlement of Disputes clause to Moscatiello's claim, we need not address the other issues raised by Moscatiello in this appeal.

Moscatiello asserts that Defendants did not raise Section 3.63 in their responsive pleadings, and thus, should be barred from relying on the Settlement of Dispute clause as a matter of law. Defendants counter, stating that they raised the Contract's provisions generally, in accordance with both Pa. R.C.P. Nos. 1019(a)[1] and 1030[2] in their answers and new matter, by stating that "[t]he claim of Moscatiello is barred, limited or otherwise circumscribed by the terms of the Phase II Contract documents." (25a, 950a.) Because only averments of fraud or malice need be averred with particularity, Pa.R.C.P. No. 1019(b), and because the Contract's provisions were pleaded generally as required by Pa.R.C.P. No. 1019(a), I believe that Defendants' answer and new matter that stated the Contract documents barred Moscatiello's cause of action, adequately apprised Moscatiello that Defendants had raised an affirmative defense based on Section 3.63.[3]

Further, Moscatiello did inquire, through its first set of interrogatories, how its claims were barred by provisions in the Contract documents and for identification of such provisions. (1002a.) In their answers to Moscatiello's first set of interrogatories, Defendants specifically cited Section 3.63, i.e., the Settlement of Disputes clause, as a bar to Moscatiello's claim. Therefore, I believe that the Defendants' answers to Moscatiello's first set of interrogatories also adequately apprised Moscatiello of Defendants' possible reliance on Section 3.63.

Moscatiello also argues that because the Defendants participated in extensive discovery, retained experts and chose a jury

1. Pa.R.C.P. No. 1019(a) states that: "material facts on which a cause of action or defense is based shall be stated generally."

2. Pa.R.C.P. No. 1030 requires a party to set forth all affirmative defenses in its responsive pleading, entitled "New Matter."

3. Moscatiello also claims that Defendants were required to attach the Contract to their pleadings pursuant to Pa.R.C.P. No. 1019(h). However, because the Contract was specifically referred to in the pleadings as being too voluminous to be attached thereto (17a, 946a) and because Moscatiello did not move for a more definite statement of the affirmative defenses, under Pa.R.C.P. No. 1017(b)(3), this argument, too, I would hold is without merit. I would also note that Moscatiello also had possession of the Contract at all times, including Section 3.63.

their failure to raise the Settlement of Disputes clause prior to trial demonstrated that they intended to waive or abandon whatever right they may have had to invoke Section 3.63 of the Contract based on *Samuel J. Marranca General Contracting v. Amerimar.* I do not believe *Marranca* applies here.

The court in *Marranca*, ruled that the defendant, by filing preliminary objections and an answer without raising the issue of arbitration, waived or abandoned any right it may have had to invoke what appeared to be a mutually agreed to arbitration clause. The Superior Court held that the defendant could not "avail itself of the judicial process and then pursue an alternative route when it *receive[d]* an adverse judgment." *Id.* 416 Pa.Super. at 50, 610 A.2d at 501, 502 (emphasis added). In *Marranca*, the defendant had already received an adverse ruling and was merely attempting the proverbial second bite of the apple. While waiver "may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for reasonable inference to the contrary," *Id.* at 49, 610 A.2d at 501, the trial court, here, when reviewing the pleadings and the answers to interrogatories found that the Defendants had not intended to waive the right to invoke Section 3.63 of the Contract. Indeed, the evidence supports the trial court's finding that the Defendants pleaded the Settlement of Disputes clause and specifically identified it in response to Moscatiello's interrogatories.

I would also not consider Moscatiello's claim that it was prejudiced by the failure of Defendants to first raise the Settlement of Disputes clause after the jury had been selected. Moscatiello had been apprised via the pleadings and answers to interrogatories that the Defendants might raise section 3.63 as a defense. Therefore, Moscatiello's premise—that Defendants "first" raised the Settlement of Disputes clause after jury selection is false.

Federal courts have found that the issue of prejudice must be based on an "ample record of prejudice." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 927 (3d Cir.1992). Moscatiello asserts prejudice based primarily upon the costs of

litigation. However, Moscatiello had possession of the Contract, had previously received a determination under another contract employing that contract's settlement of disputes clause,[4] and thus, again could have availed itself of the Settlement of Disputes clause here.

Moscatiello also argues that a settlement of disputes clause such as the one which exists in the Contract is against public policy because: 1) the clause creates a contract of adhesion and 2) a decision made under the clause by the Director did not allow for review or appeal.

The trial court failed to see the logic of Moscatiello's argument:

> [Moscatiello] submitted a bid for the job in question. [Moscatiello] was not forced into this contract—[Moscatiello] sought out and accepted this contract. Further, the documents concerning the resolution of prior disputes between the parties evidence a recognition and use of the dispute resolution process built into the parties' agreement.

Clearly, parties to a contract may agree to submit their disputes to a forum other than a court of law for resolution without offending public policy. *Borough of Ambridge Water Authority v. Columbia*, 458 Pa. 546, 328 A.2d 498 (1974). Similarly, an agreement not to sue is "valid unless opposed to public policy." *Caplan v. City of Pittsburgh*, 375 Pa. 268, 100 A.2d 380 (1953).

We believe that the agreement not to sue in this case does not violate public policy. "Parties competent to make contracts are also competent to make such agreements." *United States v. Moorman*, 338 U.S. 457, 461 [70 S.Ct. 288, 290, 94 L.Ed. 256] (1950). Such agreements between parties should not "be frustrated by judicial interpretation of contracts." *Moorman*, 338 U.S. at 462 [70 S.Ct. at 291]. The long-standing use of these type contractual provisions is in furtherance of public policy by enabling disputes concerning

---

**4.** Moscatiello and the City had entered into at least two similar contracts, Glenbury Contract—Phase I and the McKee Contract.

government contracts to be resolved without resort to costly and time-consuming litigation.

Trial Court opinion at 5–6.

Moscatiello places great weight upon the fact that the trial court relied upon *Moorman*, which it asserts was "legislatively overruled" by the Wunderlich Act, 42 U.S.C. §§ 321–322. However, as evidenced by the legislative history of the Wunderlich Act, it is *United States v. Wunderlich*, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113 (1951), and not *Moorman*, which was overruled.

> The purpose of the proposed legislation, [the Wunderlich Act] . . . is to overcome the effect of the Supreme Court decision in the case of *United States v. Wunderlich*, in which the decision of Government officers rendered pursuant to the standard dispute clause in Government contracts [was] held to be final absent fraud on the part of such Government officers.

H.R.Rep. No. 1380, *reprinted* in 1954, U.S.Code Cong. & Admin.New 2191. In *Wunderlich*, even if the decision of the government official under a settlement of disputes clause was arbitrary, capricious or grossly erroneous, no review was possible. The *Wunderlich* case required nothing less than actual fraud on the part of the government official to obtain review and it was for this reason that Congress enacted the statute. Congress had no problem with the standard dispute clauses provided they were reviewable by the courts not only based on fraud, but also based on arbitrary, capricious or grossly erroneous standard as used in *Moorman*.[5]

---

5. The Wunderlich Act states in pertinent part that "departmental decisions on a question of fact render pursuant to a 'dispute' clause shall be final and conclusive unless the same is fraudulent or a capricious or arbitrary or so grossly erroneous as necessary to imply bad faith, or is not supported by substantial evidence." *United States v. Carlo Bianchi and Co.*, 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). Indeed, the United States Supreme Court in *Crown Coat Front Co. v. United States*, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967), noted that "[t]he Committee report on the Wunderlich Act disaffirms any intention to confer any new rights on the contractor other than widened scope of review. . . ." *Id.* at 514, n. 10, 87 S.Ct. at 1183, n. 10. The Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613, essentially reinstated "pre-

In contrast to Moscatiello's argument that the Settlement of Disputes clause is void as against public policy because it absolutely prohibits any review of the City Director's determination, the City, in my opinion, correctly argues that the Director's decision is reviewable under Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754. (Defendants' Brief at 21 and 28.)

The federal statutory remedy requires no more than the Pennsylvania General Assembly anticipated in enacting the Local Agency Law. Local Agency Law provides for judicial review of adjudications or decisions of any local agency. Pursuant to 2 Pa.C.S. § 751(a), the Law *"shall apply to all local agencies regardless* of the fact ... *that the adjudication* of an agency *shall be final or conclusive, or shall not be subject to review."* (Emphasis added). Further, 2 Pa.C.S. § 752, states that "[a]ny person aggrieved by an adjudication of a local agency ... shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals." This would include alternative dispute resolution cases where the settlement was allegedly arbitrary, capricious or grossly erroneous.

As the trial court here concluded alternative dispute resolution clauses are an effective and expeditious means of resolving disputes between willing parties who desire to avoid the expense and delay of litigation. If these clauses were not permitted, our courts would be even more overburdened with claims of agencies and contractors over the smallest of contract disputes. These settlement of dispute clauses are not contrary to public policy but in fact favor public policy.

Although no Pennsylvania court has previously interpreted the Local Agency Law to allow an agency decision under a settlement of disputes clause, the Local Agency Law plainly authorizes such review. Whether the City has made a decision within the meaning of the Local Agency Law and whether

Wunderlich case law, [i.e, the standard, as set forth in *Moorman* ] applying the "so grossly erroneous as necessarily to imply bad faith standards" and "regarding questions of fact," *Hoel–Steffen Construction Co. v. United States,* 684 F.2d 843, 851, 231 Ct.Cl. 128 (1982), and retain the standard regarding questions of law as set forth in the Wunderlich Act.

the time for seeking review of such a decision has passed are beyond the scope of this appeal. Hence, I would not reach those issues.

Because Pennsylvania does have a method to review these settlement of disputes clauses of which I believe Moscatiello was apprised of, I would hold that these clauses are permissible and are not against public policy.

Moscatiello's argument that the trial court erred as a matter of law in granting summary judgment because material issues in fact exist, barring a grant of summary judgment, I believe, too, is without merit.

Moscatiello contends that issues of material fact exist relating to statements made by Mr. Sciulli, the Director "whose decision shall be final and conclusive as to all matters in controversy . . .," (587a, 1084a), under the Settlement of Disputes clause. Moscatiello asserts that because Mr. Sciulli communicated with an engineering consultant regarding this dispute and because Mr. Sciulli made statements that he was not sure of his authority in regard to the Settlement of Dispute clause, material issues of fact exist. Moscatiello also asserts that a question of fact exists concerning the City's selective enforcement of settlement of disputes clauses in its public contracts.

Black's Law Dictionary defines "material fact" as precluding summary judgment "if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or *defense* asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Black's Law Dictionary 977 (6th ed. 1990) (emphasis added).

Neither Mr. Sciulli's testimony regarding his authority nor the allegation that the City may have selectively enforced settlement of dispute clauses establishes a defense that would preclude the granting of summary judgment. Therefore, I believe that the trial court did not err by finding that no

material issues of fact existed so as to bar a grant of summary judgment.

I would affirm.