478 A.2d 50

**Thaddeus J. KWALICK, Jr.,**

v.

**John Edward BOSACCO, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1982.

Filed July 6, 1984.

236

Nicholas J. Emper, Media, for appellant.

Taras M. Wochok, Paoli, for appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This case involves defendant-appellant's appeal from an order of the court below which denied his motion for a declaratory judgment and injunctive relief.

Plaintiff, a former professional football player, filed a complaint in assumpsit against defendant, owner of the Philadelphia Bell professional football franchise, on December 8, 1976. In his complaint plaintiff alleged that the defendant owed him $230,000 with interest from November 11, 1975 because defendant breached a contract entered into with him for plaintiff's services as a professional football player. After obtaining an extension of time in which to answer the complaint defendant filed his answer, new matter and counterclaim on March 28, 1977. On June 14, 1977 plaintiff notified defendant that he wished to proceed to arbitration to settle his dispute pursuant to Article Eight of the contract. On August 22, 1977 defendant filed a petition to amend its new matter to include the defense of Article Eight of the contract which mandated that all disputes arising under the contract be settled by binding arbitration. (In its original Answer defendant had raised this provision of the contract in Paragraph 8 of said Answer but had not raised it in its New Matter.)

On August 18, 1977 defendant had the court issue a rule to show cause why a declaratory judgment should not be entered against plaintiff for failing to invoke the binding arbitration provision of the contract within one year after the dispute between the parties arose. (Article 8.3 of the Contract provided that a demand for arbitration would be forever barred unless commenced within one year from the date when the dispute arose). Defendant asked that the court rule that plaintiff is barred from proceeding to arbitration because his request for same was not made until June 14, 1977.

On September 9, 1980 the court below held hearings on defendant's request for declaratory judgment. On July 27,

1981, the court denied defendant's request for declaratory judgment and further ruled that the resolution of the parties' disputes be resolved by arbitration. From that order defendant appeals.

 Defendant's first argument is that plaintiff's filing of the Complaint in Assumpsit constituted a waiver of his right to proceed to arbitration. However, a waiver of a right to proceed to arbitration pursuant to the term of a contract providing for binding arbitration should not be lightly inferred and unless one's conduct has gained him an undue advantage or resulted in prejudice to another he should not be held to have relinquished the right. *Nuclear Installation Services Company v. Nuclear Corporation,* 468 F.Supp. 1187 (D.C.PA.1979). Moreover, the mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration. See *Vespe Contracting Co. v. Anvan Corporation,* 399 F.Supp. 516 (D.C.PA.1975). Thus, merely because plaintiff filed his Complaint in Assumpsit he is not automatically deemed to have waived his rights to proceed to binding arbitration as set forth in contract. In reviewing the facts of this case we note that plaintiff's request for arbitration, filed on June 14, 1977, was filed before any of the depositions which were ultimately taken had been held. We also note that defendant had been the party who began the taking of depositions and that he had participated fully in all of them. At the time plaintiff's request for arbitration was filed, the pleadings consisted only of plaintiff's Complaint and defendant's Answer, New Matter, and Counterclaim. Defendant did not raise Paragraph Eight of the contract as an affirmative defense until February 22, 1978 when he filed amended New Matter. We also note that, although plaintiff did file a Certificate of Readiness for Trial, he did so only after our Supreme Court had issued its "240 day" directive which had the effect of coercing plaintiff to file the certificate under pain of losing his cause of action for failure to do it. Under these circumstances we cannot hold that plaintiff waived his right

to arbitration by filing his action in assumpsit prior to filing his request for arbitration. Defendant has shown no prejudice to him nor has he shown any undue advantage gained by plaintiff. Thus, we hold that the lower court ruled correctly when it denied defendant's request for declaratory judgment.

■ Next, defendant argues that since plaintiff did not file his request for arbitration until June 14, 1977 that he should not be permitted to invoke the arbitration provisions of the contract because the request was untimely. This issue is one involving the interpretation of the contract and its resolution is for the arbitration process to determine. In *Muhlenberg Township School District v. Pennsylvania Fortunato Construction Co.* 460 Pa. 260, 333 A.2d 184 (1975) it was decided that the issue as to whether a demand for arbitration was timely is one of interpretation of the agreement and not one of the existence or the scope of the arbitration provision and, thus, was one for the arbitration process to decide. Thus, the court below correctly held that this issue is one for arbitration.

■ Finally, defendant contends that the court below should have made his rule to show cause why the declaratory judgment should not be entered absolute because plaintiff failed to file an answer to the rule to show cause. Delaware County Civil Rule 251, cited by defendant as authority for the proposition that the rule should have been made absolute, states that if no answer to a rule to show cause is timely filed the Court *may* enter an order making the rule absolute. (Emphasis-ours). The use of the word "may" in the wording of the rule of court indicates that the court below had the discretion to either make the rule absolute or not to do so. In this case the court below chose not to do so. We do not hold that the court abused its discretion in holding as it did especially when one considers the fact that defendant's original answer to plaintiff's complaint contained an averment raising the existence of the

arbitration clause and now defendant is attempting to avert the arbitration process.

Order affirmed.