IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.M., a Minor by her Guardian      :
Malissa Williams      :
     :
           v.      : No. 614 C.D. 2024
     : Submitted: October 9, 2025
City of Philadelphia and Free Library      :
of Philadelphia Foundation      :
     :
Appeal of: City of Philadelphia      :

BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                FILED: January 9, 2026

The City of Philadelphia and Free Library of Philadelphia Foundation (Library) (collectively, the City) appeal the Court of Common Pleas of Philadelphia County's (trial court) April 12, 2024 order (Order), which overruled the City's preliminary objection to the Amended Complaint filed by S.M., a minor, by her guardian Malissa Williams (Williams). Because this matter is controlled by our decision and order in *L.F.V. v. South Philadelphia High School*, 340 A.3d 395 (Pa. Cmwlth. 2025) (*en banc*), *appeal granted*, ___ A.3d ___ (Pa., No. 243 EAL 2025, December 2, 2025), we affirm.

## BACKGROUND

The relevant facts, as alleged in the Amended Complaint, are as follows.[1] On April 3, 2019, S.M. visited the Library to work on homework assignments. Reproduced Record (R.R.) at 11a. The Library had a system of dividing students by age, with high school students on the first floor and elementary and middle school students on the second floor (the Children's Area). *Id.* These areas were designated with posted signs, and the Children's Area sign indicated that only children 12 years of age and under were permitted to use the Children's Area. *Id.* Additionally, the Library was to provide adult supervision over the Children's Area. *Id.*

While S.M. was looking for a book in an isolated section of the Children's Area, another patron, who was between 16 and 17 years of age (Patron), grabbed S.M., violently threw her to the ground and sexually assaulted her. *Id.* at 11a-12a. The assault resulted in S.M. sustaining bruises to her body, severe emotional distress, and physical and psychological trauma. *Id.* at 12a.

Williams, as a parent of S.M., filed a negligence suit against the City alleging the City breached its duty owed to S.M., and S.M.'s injuries were caused by the City's negligent acts and omissions. *Id.* Specifically, Williams alleged the assault was caused by multiple negligent acts of the City, including:

> (a) Failure to carry out their duty to provide adequate security in an area designated for minors;
> (b) Failure to carry out their duty to enforce age restriction requirements;
> (c) Failure to carry out their duty to use reasonable care in providing proper and sufficient staffing in the Children's Area;

---

[1] In reviewing an order "resolving preliminary objections, we must . . . accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. We may reject conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Marshall v. Se. Pa. Transp. Auth.*, 300 A.3d 537, 540 n.1 (Pa. Cmwlth. 2023) (internal quotations and citations omitted).

2

(d) Failure to carry out their duty to provide a safe environment for minors;

(e) Failure to carry out their duty to take preventative measures to avoid a foreseeable public danger and/or risk of harm;

(f) Failure to carry out their duty to secure and create a safe environment for patrons using the Children's Area of the Library;

(g) Failure to carry out their duty to follow age restriction and staffing requirements implemented to keep minor patrons safe;

(h) Failure to carry out their duty to cure or correct a condition that posed a threat to the health and safety of [S.M.];

(i) Failure to carry out their duty to prevent, detect, or stop the commission of a sexual assault against a minor due to, or caused by omissions of [the City];

(j) Omission of their duty to warn [S.M.] of a reasonably foreseeable dangerous condition.

*Id*. at 14a. Williams further asserted the City was not entitled to immunity from suit under what is commonly known as the Political Subdivision Tort Claims Act's (Tort Claims Act), 42 Pa.C.S. § 8549(b)(9), sexual abuse exception (sexual abuse exception).

The City filed a preliminary objection asserting the Amended Complaint was legally insufficient under Pa.R.Civ.P. 1028(a)(4). Original Record (O.R.), at 65-66.[2] Specifically, the City asserted that because Patron was not an employee of the City, the claim did not fall within any of the Tort Claims Act's enumerated exceptions to governmental immunity, and that it must be barred and dismissed as a matter of law. *Id*. at 66. The trial court rejected the City's argument and issued its Order overruling the City's preliminary objection.

## DISCUSSION

### Appealability of Trial Court's Order

We must begin by considering whether this Court can properly exercise collateral order jurisdiction over this matter. Generally, orders overruling

---

[2] References to the Original Record reflect electronic pagination.

preliminary objections are interlocutory and are not subject to immediate review. *Maxatawny Twp. v. Kutztown Borough*, 113 A.3d 895, 899 n.4 (Pa. Cmwlth. 2015). This is because ordinarily "an appellate court's jurisdiction extends only to review of final orders." *Shearer v. Hafer*, 177 A.3d 850, 855 (Pa. 2018); *see also* Pa.R.A.P. 341(a). A final order is an order that "disposes of all claims and of all parties" or is "entered as a final order" pursuant to a determination of finality by a trial court or other government unit. Pa.R.A.P. 341(b)(1), (3). However, as an exception to this general rule, the collateral order doctrine, codified in Pennsylvania Rule of Appellate Procedure 313 (Rule 313), "permit[s] immediate appellate review of certain [non-final] collateral orders." *Shearer*, 177 A.3d at 855. Under Rule 313, an "appeal may be taken as of right from a collateral order of a trial court or other government unit." Pa.R.A.P. 313(a). A collateral order is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Consistent with that language, the three-prong Rule 313 test is as follows:

> [A]n order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 370 (Pa. 2021).

In *Brooks*, the Pennsylvania Supreme Court addressed whether this Court erred by quashing a notice of appeal from the denial of summary judgment on sovereign immunity grounds. In that case, Wanda Brooks (Brooks) alleged she sustained an injury after she walked into an unmarked glass wall while attempting

4

to exit a family court building in Philadelphia, Pennsylvania. *Id*. at 361. Brooks filed an action with claims for negligence against the architect of the building, the City of Philadelphia, and the family court. *Id*. The family court asserted in a new matter that the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521-8527, barred the negligence action against it and moved for summary judgment. *Id*. In response, Brooks asserted the family court was "an entity of the Commonwealth of Pennsylvania . . . and [was] subject to liability under the real estate exception to sovereign immunity, [42] Pa.C.S.A. § 8522(b)." *Id*. The trial court denied the family court's motion for summary judgment, and the family court appealed to this Court under Rule 313. *Id*. at 362. This Court quashed the appeal on the basis that it did not meet all three elements under Rule 313. *Id*. Specifically, this Court held the family court failed to prove its sovereign immunity defense would be irreparably lost if review was postponed until final judgment. *Id*. at 364. The Supreme Court granted review to determine whether an order denying summary judgment based on sovereign immunity was a collateral order appealable as-of-right under Rule 313. *Id*. at 365.

Considering the first prong, whether the order was separable, the Supreme Court concluded the sovereign immunity issue was a purely legal question that did not require any analysis of the underlying negligence claim. *Id*. at 371-72. Under the second prong, regarding the importance of the sovereign immunity issue, the Court "examined the importance of the right involved by weighing the interests that immediate appellate review would protect against the final judgment rule's interests in efficiency through avoiding piecemeal litigation." *Id*. at 372 (citation omitted). The Court concluded the family court's sovereign immunity defense to be "too important" to evade immediate review because it was deeply rooted in public policy

secured by the constitution and statutes under Pa. Const. art. I, § 11, and 1 Pa.C.S. § 2310. *Id*. Additionally, the Court noted the family court's immunity defense had implications for each of the three branches of government. *Id*. Finally, regarding the third prong, whether the family court's sovereign immunity defense would be irreparably lost if the case continued to final judgment, the Court concluded "sovereign immunity protects government entities from a lawsuit itself, . . . [therefore,] a sovereign immunity defense is irreparably lost if appellate review of an adverse decision on sovereign immunity is postponed until after final judgment." *Id*. at 373. The Court noted that sovereign immunity is not only a "shield against damages," but is also a "protection from suit." *Id*. at 375.

Relevant to this appeal, in *West on behalf of S.W. v. Pittsburgh Public Schools*, 327 A.3d 340, 343 n.6 (Pa. Cmwlth. 2024), this Court addressed whether a trial court's order overruling a school district's preliminary objection, thereby concluding the school district was not entitled to governmental immunity under the Tort Claims Act, was immediately appealable as a collateral order. Citing *Brooks*, this Court noted "adverse orders on the issue of governmental immunity are immediately reviewable as collateral orders because the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id*. Although we acknowledge *Brooks* differs from the case before us in that *Brooks* involved sovereign immunity and the case here involves governmental immunity, we nevertheless find *Brooks* instructive.

Applying Rule 313 here, the issues before this Court are separable and distinct from the underlying negligence action against the City. Whether the City is immune from suit under the Tort Claims Act is a wholly independent question from whether

the City was negligent, and addressing the City's immunity does not require an analysis of the underlying negligence claim. Thus, the issues are separable and distinct.

Under the second Rule 313 prong, consistent with the reasoning set forth in *Brooks*, the right to governmental immunity is too important to evade review before final judgment. *Id.* at 372. The Tort Claims Act legislatively "raises the shield of governmental immunity" against any damages on account of an injury caused by a local agency. *Lockwood v. City of Pittsburgh*, 751 A.2d 1136, 1139 (Pa. 2000). Indeed, the clear intent of the legislature is to insulate local agencies from exposure to tort liability. *Id.* Moreover, the implications of the City's ability to invoke governmental immunity are wide-ranging, extending beyond this particular case. *See Brooks*, 259 A.3d at 373. Just as in *Brooks*, here, the resolution of the scope of the City's immunity also has implications for other individuals' ability to sue by invoking an exception to governmental immunity under the Tort Claims Act. These implications outweigh the final judgment rule's efficiency interests and, therefore, we conclude the second Rule 313 prong is met.

Finally, under the third prong, *Brooks* instructs, regarding sovereign immunity, "the protections of immunity are irreparably lost when a party goes to trial." *Id.* As noted in *Brooks*, immunity provides protection not just from damages but also from the lawsuit itself. *Id.* at 375. We acknowledge *Brooks* addresses sovereign immunity, which expressly provides the Commonwealth and its officials and employees with immunity "from suit," 1 Pa.C.S. § 2310, and the Tort Claims Act expressly provides local agencies with immunity from "damages on account of any injury." 42 Pa.C.S. § 8541. The primary distinction between sovereign immunity and governmental immunity is simply that a local agency is entitled to

7

immunity from claims for damages on account of an injury, but it may not be entitled to immunity against all other claims. As this Court noted in *West*, the entitlement to immunity "is an immunity from suit rather than a mere defense to liability." *West*, 327 A.3d at 343 n.6. Just as "subjecting a governmental entity, which claims it is immune to the legal process undermines the purposes of sovereign immunity," *Brooks*, 259 A.3d at 373, so does subjecting a local agency to engage in the legal process in a claim for damages undermine the purpose of its governmental immunity. As the Supreme Court noted in *Brooks*, "forcing governmental entities to litigate claims from which they may be immune has a chilling effect on government policymaking." *Id*. Therefore, we conclude, consistent with this Court's decision in *West*, the City's governmental immunity defense would be irreparably lost if the case went to final judgment. Because the City satisfied all three prongs under Rule 313, we conclude this matter involves a collateral order appealable as of right. Accordingly, we will address the merits of the City's appeal.

### Tort Claims Act

We review a trial court's order sustaining or overruling preliminary objections to determine whether the trial court committed an error of law or abused its discretion. *West*, 327 A.3d at 343 n.7 (citation omitted). "To sustain preliminary objections, it must appear with certainty that the law will not permit recovery and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them." *Id*. (quotation omitted).

The Tort Claims Act sets forth the general rule regarding governmental immunity, stating: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person . . . caused by any act of the local agency or an employee thereof or any other person."

8

42 Pa.C.S. § 8541. Thus, governmental immunity is the rule, except where the Legislature has expressly provided otherwise. The Tort Claims Act further delineates the exceptions to this general rule, namely:

> A local agency shall be liable for damages on account of an injury to a person . . . within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> > (1) The damages would be recoverable under common law or a statute creating a cause of action . . . ; and
> >
> > (2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. § 8542(a). Of relevance to this appeal, in 2019, our Legislature enacted the sexual abuse exception under Section 8542(b)(9) of the Tort Claims Act. This section provides "the following acts by a local agency or any of its employees may result in the imposition of liability" on the local agency:

> Sexual abuse.--Conduct which constitutes an offense enumerated under [S]ection 5551(7) [of the Judicial Code] (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence.

42 Pa.C.S. § 8542(b)(9). Turning to Section 5551(7) of the Judicial Code, this section provides, in relevant part:

> [A]ny offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses) . . . if the victim was under 18 years of age at the time of the offense:
> > . . . .

9

Section 3121 (relating to rape).
Section 3122.1 (relating to statutory sexual assault).
Section 3123 (relating to involuntary deviate sexual intercourse).
Section 3124.1 (relating to sexual assault).
Section 3124.2 (relating to institutional sexual assault).
Section 3125 (relating to aggravated indecent assault).

42 Pa.C.S. § 5551(7).

While this case was pending on appeal, an *en banc* panel of this Court decided *L.F.V.* In *L.F.V.*, during a physical education class, two minor male students sexually assaulted a minor female student behind the gymnasium bleachers. *L.F.V.*, 340 A.3d at 398. The school district's employees supervising the class did not witness the assault. *Id.* The student sued the school district alleging the district owed a duty to protect her while she was at school and breached that duty by, *inter alia*, failing to monitor all three minors and the gym, hallway, and bathroom, and failing to supervise the employees overseeing the class. *Id.* The school district filed preliminary objections asserting it was immune under the Tort Claims Act, and, specifically, asserting the student failed to allege a school district employee sexually assaulted her. *Id.* The trial court overruled the school district's preliminary objections, and the school district appealed to this Court. *Id.* at 399.

On appeal to this Court, the school district, relying on Section 8541 of the Tort Claims Act, 42 Pa.C.S. § 8541, argued it was immune from liability under the Tort Claims Act because a third party, and not the school district or its employees, is alleged to have committed the sexual abuse. *Id.* at 401. The school district contended its immunity could only be abrogated if a school district employee committed the abuse. *Id.* In response, the student maintained the school district's liability arose from its negligence in enabling the sexual abuse to occur, rather than the sexual abuse itself. *Id.* at 405. Agreeing with the student, this Court noted the

10

intent of the legislation was to hold municipalities, like the school district, "accountable for negligently *enabling* sexual abuse." *Id*. at 411 (emphasis in original). Accordingly, this Court rejected the school district's arguments and affirmed the trial court's order that overruled the school district's preliminary objections. *Id*.

Here, the City argues the trial court erred by overruling its preliminary objection. The City asserts, as a local government, it retains broad immunity under the Tort Claims Act in a suit alleging sexual abuse committed by a third party, not a government employee, where the plain language of the Tort Claims Act prohibits liability for third-party torts and limits all of the enumerated exceptions, including the sexual abuse exception, to wrongs committed by the agency or its employees. City's Br. at 3. We disagree. In *L.F.V.*, we held the sexual abuse exception to the general rule of governmental immunity under the Tort Claims Act applies where a local agency is accused of negligently enabling sexual abuse. Accordingly, there need not be an allegation that the local agency or one of its employees committed one of the enumerated acts for the sexual abuse exception to apply. The sexual abuse exception applies where there is an allegation the local agency negligently enabled sexual abuse to occur. In her Amended Complaint, Williams alleges the City negligently enabled the sexual abuse against S.M. to occur. Accordingly, we discern no abuse of discretion or legal error in the trial court's Order overruling the City's preliminary objection.

11

## CONCLUSION

For the foregoing reasons, we affirm the trial court's Order overruling the City's preliminary objection, and we remand this matter to the trial court for further proceedings.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.M., a Minor by her Guardian : 
Malissa Williams : 
 : 
      v. : No. 614 C.D. 2024
 : 
City of Philadelphia and Free Library : 
of Philadelphia Foundation : 
 : 
Appeal of: City of Philadelphia : 

# **O R D E R**

**AND NOW**, this 9th day of January 2026, the Court of Common Pleas of Philadelphia County's April 12, 2024 order overruling the City of Philadelphia and Free Library of Philadelphia Foundation's preliminary objection to the Amended Complaint filed by S.M., a Minor by her Guardian Malissa Williams, is **AFFIRMED**. This matter is **REMANDED** to the Court of Common Pleas of Philadelphia County for further proceedings.

    Jurisdiction relinquished.

_____
STACY WALLACE, Judge